UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Brittany Browder Turner,<br><br>Appellant,<br><br>v.<br><br>Vanderbilt Mortgage and Finance, Inc., Exeter Finance, LLC, Dawn M. Hardesty, Office of the United States Trustee,<br><br>Appellees. | ) | C/A No. 3:26-cv-03541-MGL-WSB<br><br>**REPORT AND RECOMMENDATION** |

Brittany Browder Turner ("Appellant"), a non-prisoner litigant proceeding *pro se*, brings this appeal from an order issued by the United States Bankruptcy Court for the District of South Carolina ("Bankruptcy Court"). Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., the undersigned United States Magistrate Judge is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. This action is subject to dismissal for failure to prosecute.[1]

[1] General Order *In Re: Procedures in Civil Actions Filed by Non-Prisoner Pro Se Litigants*, No. 3:07-mc-5015-JFA (D.S.C. Sept. 18, 2007), provides, in pertinent part, as follows:

> If the *pro se* litigant does not comply with the order to bring the case into proper form, the Clerk of Court shall forward the case to the assigned Magistrate Judge for a Report and Recommendation that the assigned District Judge or Senior District Judge dismiss the case without prejudice for lack of prosecution under Rule 41 of the Federal Rules of Civil Procedure.

*Id*. at 2. Because Plaintiff is a non-prisoner litigant, proceeding *pro se*, the undersigned enters this Report and Recommendation, recommending dismissal under Rule 41.

# BACKGROUND

## Bankruptcy Court Proceedings

On February 2, 2026, Appellant filed a voluntary bankruptcy petition in the Bankruptcy Court. *In re Turner*, C/A No. 26-00479-eg (Bankr. D.S.C. Feb. 2, 2026) (hereinafter "Bankruptcy Case"). On June 18, 2026, the Honorable Elisabetta G. M. Gasparini, United States Bankruptcy Judge, issued an order dismissing this matter due to Appellant's failure to comply with the court's May 21, 2026, order. *Id*. at No. 21. Appellant filed a notice of appeal of Judge Gasparini's order on August 14, 2026. *Id*. at No. 61. Relevant to the instant matter, Appellant has filed no additional documents in the Bankruptcy Case to perfect the appeal of Judge Gasparini's June 18, 2026, order.

## District Court Proceedings

The Notice of Appeal was transmitted to this court from the Bankruptcy Court on August 18, 2026. ECF No. 1. In the Notice of Appeal, Appellant purports to appeal three orders issued by the Bankruptcy Court. *Id.* The Court issued a Sever Order on September 3, 2026, and this matter involves only the June 18, 2026, order dismissing the bankruptcy petition. ECF No. 5.

That same Order to Appellant also indicated that this case did not comply with the Federal Rules of Bankruptcy Procedure and provided Appellant with time to bring the case into compliance. *Id.* Appellant did not file any documents with the Bankruptcy Court in response to the Order. During this same time, the Bankruptcy Court filed documents with this Court relating to Appellant's appeal, such as the designated record. ECF No. 9.

By Order dated September 30, 2026, the Court again instructed Plaintiff to bring the case into proper form. ECF No. 12. That Order was mailed to the address provided by Plaintiff and has not been returned as undeliverable. ECF No. 13. That Order warned Plaintiff as follows:

> **If Appellant fails to comply with the instructions contained herein, this action will be subject to dismissal under Rule 41(b)**

> **for failure to prosecute and/or failure to comply with the Orders of this Court.**
>
> ***
>
> **If Appellant fails to comply with this order within the time provided, this case may be dismissed for failure to prosecute and comply with an order of this Court under Fed. R. Bankr. P. 8003(a)(2) and Rule 41 of the Federal Rules of Civil Procedure.**

ECF No. 12 at 1–2 (emphasis in original).

The two Proper Form Orders instructed Appellant to provide the necessary information and paperwork to bring this case into proper form for further evaluation. ECF Nos. 5; 12. Specifically, under General Order *In Re: Procedures in Civil Actions Filed by Non-Prisoner Pro Se Litigants*, No. 3:07-mc-5015-JFA (D.S.C. Sept. 18, 2007), Appellant was directed to (1) submit the appropriate filing fee or complete and return Form AO 239; (2) submit a designation of items to be included in the record on appeal; and (3) submit a statement of issues to be presented. ECF Nos. 5 at 2; 12 at 2. Both Orders warned Appellant that failure to provide these documents within the timetable set in the Court's Orders may subject the case to dismissal under Rule 41(b) of the Federal Rules of Civil Procedure and Rule 8003(a)(2) of the Federal Rules of Bankruptcy Procedure. ECF Nos. 5 at 1–2; 12 at 1–2.

The Orders also advised Appellant of the duty to always keep the Court informed as to Appellant's current address. ECF Nos. 5 at 3; 12 at 3. The Orders were mailed to Appellant at the address Appellant provided to the Court. ECF Nos. 7; 13.

Appellant's deadline to bring the case into proper form under the second Proper Form Order was October 14, 2026. However, Appellant has not responded to either of the two Orders and the time for response has lapsed. Appellant has failed to provide the documents identified in

the Court's Orders. Indeed, Appellant has made no attempt to communicate with the Court since filing this appeal on August 18, 2026. ECF No. 1.

## STANDARD OF REVIEW

### Review and Liberal Construction of *Pro Se* Filings

As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). The Court's duty to liberally construe a pro se litigant's pleadings does not require the Court "to remove [it's] heavy robe ... and take on the role of the litigant's attorney." *Jackson v. Dameron*, 171 F. 4th 641, 652 (4th Cir. 2026). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

### Bankruptcy Appeals

Under 28 U.S.C. § 158(a)(1), the District Courts of the United States have jurisdiction to hear appeals of final judgments, orders, and decrees of bankruptcy courts. On appeal from the bankruptcy court, the district court acts as an appellate court and reviews the bankruptcy court's findings of fact for clear error, while it reviews the conclusions of law *de novo*. *Devan v. Phoenix Am. Life Ins. Co. (In re Merry-Go-Round Enter., Inc.)*, 400 F.3d 219, 224 (4th Cir. 2005); *Kielisch v. Educ. Credit Mgmt. Corp. (In re Kielisch)*, 258 F.3d 315, 319 (4th Cir. 2001). "On review of a Bankruptcy Court's order, the district court ... may affirm, reverse, modify or remand with instructions for further proceedings." *Durant v. Big Rig Lending, LLC*, C/A No. 3:18-cv-01700-CMC, 2018 WL 5961088, at *2 (D.S.C. Nov. 14, 2018) (citing Fed. R. Bankr. P. 8013).

## ANALYSIS

As noted above, Appellant filed the instant action challenging the dismissal of the proceeding in the Bankruptcy Court. ECF No. 1. Nevertheless, as set forth below, it is recommended that the Bankruptcy Court's order be affirmed and Appellant's appeal dismissed.

**Failure to Cure Procedural Defects**

It is well established that a court has the authority to dismiss a case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (emphasis added). In addition to its inherent authority, this court may also *sua sponte* dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b). *Id.* at 630. In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree of personal responsibility on the part of the [appellant];
>
> (2) the amount of prejudice to the [appellee] caused by the delay;
>
> (3) the history of the [appellant] in proceeding in a dilatory manner; and,
>
> (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978). Similarly, it is well-established that if "an appellant violates one of the rules of bankruptcy procedure, the district court may dismiss the appeal." *In re Weiss*, 111 F.3d 1159, 1173 (4th Cir. 1997). However, prior to dismissal of a

bankruptcy appeal for violation of a procedural rule, the court must take at least one of the following steps: "(1) make a finding of bad faith or negligence; (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives." *In re Serra Builders, Inc.*, 970 F.2d 1309, 1311 (4th Cir. 1992) (citation omitted); *see also In re SPR Corp.*, 45 F.3d 70, 74 (4th Cir. 1995) (recognizing that a district court must "consider and balance all relevant factors" in determining whether to dismiss a bankruptcy action for violating the procedural rules). The factors for consideration in the Federal Rules of Civil Procedure are complementary to those found in the Federal Rules of Bankruptcy Procedure. Thus, the undersigned addresses them together.

Under both the Federal Rules of Civil Procedure and the Bankruptcy Rules of Civil Procedure, the factors clearly weigh in favor of dismissal. With respect to factors (1) and (3) of the Federal Rules of Civil Procedure and (1) and (2) of the Federal Rules of Bankruptcy Procedure, as detailed above, despite multiple opportunities, Appellant has failed to comply with the Rules of Bankruptcy Procedure and acted with disregard in pursing this appeal. ECF Nos. 5; 12. For example, among other things, Appellant was instructed to submit a designation of items to be included in the record on appeal as well as a statement of issues to be presented, as required by Rule 8009 of the Federal Rules of Bankruptcy Procedure. Fed. R. Bankr. P. 8009(a)(1)(A). In each Order issued to Appellant, the Court warned Appellant that this appeal would be subject to dismissal if Appellant did not cure the noted deficiencies. ECF Nos. 5 at 2; 12 at 1–2. Indeed, the court's September 30, 2026, Order specifically noted:

> [T]his Order is entered to provide Appellant with a **FINAL** opportunity to bring the case into proper form in accordance with the instructions below. **If Appellant fails to comply with the**

> **instructions contained herein, this action will be subject to dismissal under Rule 41(b) for failure to prosecute and/or failure to comply with the Orders of this Court.**

ECF No. 12 at 1 (emphasis in original). Despite these warnings, Appellant did not provide the Court with the requested documentation. Appellant, proceeding *pro se*, is solely responsible for the failure to bring the case into proper form and comply with the bankruptcy rules in this appeal. (if needed) in order to comply with the Court's Orders.

While failure to comply with the procedural rules governing appeals from the Bankruptcy Court does not affect the validity of the appeal, it does provide a basis for the district court to dismiss the action. *See* Fed. R. Bankr. P. 8003(a)(2); *see In re Serra Builders, Inc.*, 970 F.2d at 1311 (sanctioning dismissal of an appeal where the appellant failed to timely file a designation of items to be included in the record on appeal). Thus, Appellant had notice of the violations of the Federal Rules of Bankruptcy Procedure and was provided with the opportunity to cure such violations. Moreover, without the filing of the appropriate documentation, and indeed, in light of Appellant's continued disregard for orders of this court (and the Bankruptcy Court), the undersigned finds that there is no appropriate sanction short of dismissal that is appropriate in this action. Accordingly, the bankruptcy appeal should be dismissed.

**No Clear Error or Mistake**

Even if the procedural violations noted above were cured in the instant matter, (and Appellant *could* proceed with an adversary proceeding without payment of the filing fee) a review of the record indicates that the Bankruptcy Court's dismissal of the adversary proceeding resulted from Appellant's failure to comply with the bankruptcy rules. Thus, there is no indication that the Bankruptcy Court committed any error or mistake in dismissing the appellant's adversary procedure. *See In re Cantera Dorado, Inc.*, 512 B.R. 126, 131 (D. P.R. 2014) (dismissing

bankruptcy appeal where debtor had "no foot on which to stand on appeal" because the order appealed resulted from his own failure to comply with the bankruptcy rules); *see also Stritzinger v. Bankr. Court*, C/A No. 3:15-cv-01219-TLW-PJG, 2015 WL 9916169, at *3 (D.S.C. July 6, 2015), *R&R adopted by* Order at ECF No. 19 (D.S.C. July 24, 2015). Moreover, even liberally construed, Appellant's Notice of Appeal does not indicate that Appellant complied with the Bankruptcy Court's orders. ECF No. 1. Upon review, the Bankruptcy Court's orders are in accordance with the applicable law and should be affirmed. As such, the Bankruptcy Court's dismissal order should be affirmed and the appeal dismissed.

## CONCLUSION AND RECOMMENDATION

For the reasons above, it is recommended that the District Court **DISMISS** this action without prejudice and without issuance and service of process pursuant to Rule 41(b) for failure to prosecute and comply with the Court's Orders. *See Britt v. DeJoy*, 45 F.4th 790, 791 (4th Cir. 2022) (published) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend ... the order dismissing the complaint is final and appealable").

**IT IS SO RECOMMENDED**.

s/William S. Brown
United States Magistrate Judge

October 21, 2026
Greenville, South Carolina

***Plaintiff's attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).